NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NICHOLAUS ADAM NEELY, *Appellant.*

No. 1 CA-CR 24-0083
FILED 05-13-2025

Appeal from the Superior Court in Yavapai County
No. P1300CR202100147
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

¶1　　　　Defendant Nicholaus Adam Neely ("Neely") appeals his convictions and sentences for aggravated assault under A.R.S. § 13-1204(A)(2) and disorderly conduct under A.R.S. § 13-2904(A)(6).  Neely's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us he found no meritorious grounds for reversal and asking us to search the record for fundamental error.  We gave Neely an opportunity to file a supplemental brief, but he did not do so.  After reviewing the entire record, we affirm Neely's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

¶2　　　　We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Neely.  *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3　　　　On the night of January 29, 2021, A.L. called the police to report that a man had pulled a gun on him at his residence.  The Yavapai County Sheriff's Office responded.  On scene, A.L. told officers that he observed a car speeding down his street, so he went outside and yelled at the driver to slow down.  The vehicle stopped down the block and reversed back to A.L.'s residence.  The driver and a passenger exited the vehicle.  The driver approached within ten feet of A.L. and pointed a gun at him.  By this time, A.L.'s wife, R.L., and R.L.'s father had also come outside.  After a few minutes, the vehicle's passenger convinced the driver to get back in the vehicle and they drove off.  A.L., R.L., and R.L.'s father retreated into the residence.  A.L. described certain of the vehicle's features and the handgun to the officers, but he admitted that nighttime darkness hindered his ability to identify the driver.

¶4　　　　Officers canvassed the nearby area and located a vehicle matching A.L.'s description.  The vehicle was parked in front of Neely's

residence. Upon approaching the vehicle, officers observed a handgun in plain view. Officers knocked on the door; Neely's wife answered and indicated that Neely had been home for about thirty minutes. When requested to do so, Neely exited his residence but later became belligerent. During an outburst, he admitted he owned the vehicle matching A.L.'s description.

¶5 The officers then returned to A.L.'s residence and showed him a Motor Vehicle Division photograph of Neely. Although A.L. could not be certain, he thought the photograph showed the individual who had pointed a gun at him. Officers also showed A.L. a photograph of Neely's vehicle, which A.L. positively identified as the one involved in the incident.

¶6 After A.L. positively identified Neely's vehicle, officers returned to Neely's residence and placed him under arrest. Officers collected shoes matching footprints found at the scene of the crime from Neely's residence and the .45 caliber handgun from Neely's vehicle.

¶7 A grand jury indicted Neely on one count of aggravated assault and two counts of disorderly conduct. Before trial, the court dismissed one of the two disorderly conduct charges.

¶8 Trial lasted a day-and-a-half. The State called A.L., R.L., one of the investigating officers, and a firearms expert as witnesses. Both A.L. and R.L. described the incident in question. A.L. testified that Neely looked like the individual who had pointed a gun at him, but he could not be one hundred percent sure. Both A.L. and R.L. testified that the vehicle located at Neely's residence was the vehicle driven by the individual who committed the crimes. The officer testified about the investigation and described how officers matched the pair of shoes from Neely's residence with a muddy footprint found at A.L.'s residence. The firearms expert testified that the gun found in Neely's vehicle was operational. Neely testified in his own defense but called no other witnesses. Neely testified that he was at home and asleep when the crimes occurred.

¶9 The jury convicted Neely on both remaining counts. On the aggravated assault conviction, the court sentenced Neely to six years' imprisonment, which is less than the presumptive term. On the disorderly conduct conviction, the court sentenced Neely to twenty-one months' imprisonment. The court ordered the two sentences to be served concurrently and gave Neely credit for 134 days of presentence incarceration. Neely timely appealed. We have jurisdiction. *See* A.R.S. §§ 13-4031, 13-4033(A)(1).

## DISCUSSION

¶10        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶11        Neely was present and represented by counsel at all critical stages of the proceeding. The record reflects that the superior court afforded Neely all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Neely's sentence is also within the range prescribed by law. We find no error.

## CONCLUSION

¶12        We affirm Neely's convictions and sentences. Defense counsel's obligations in this appeal will end once Neely is informed of the outcome and his future options, unless counsel finds an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Neely has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR